UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON SAM HA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMEEN MANASRAH, et al.,<br><br>　　　　Defendants. | **Case No. 1:17-cv-01296-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**ORDER DENYING MOTION FOR COURT ORDER TO SERVE PROCESS**<br><br>**(ECF No. 9)**<br><br>**THIRTY DAY DEADLINE** |

Plaintiff proceeds pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff's September 28, 2017 complaint is before the Court for screening. (ECF No. 7.) On November 15, 2017, Plaintiff filed a motion for court order to serve process. (ECF No. 9.)

**I.　Screening Requirement**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

1

immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III. Plaintiff's Allegations

Plaintiff is currently incarcerated at California State Prison, Lancaster, but his claims arose at Kern Valley State Prison ("KVSP"). He brings this action against Defendants Ameen Manasrah, a nurse practitioner at KVSP; Wayne Ulit, a physician at KVSP; Jennifer Palomino, a nurse at KVSP; and M. Taylor, a nurse at KVSP.

2

Plaintiff's allegations (ECF No. 1) are summarized as follows:

Beginning in 2012 or 2013, Plaintiff began to notice a persistent cough. He was prescribed an ineffective allergy medication. Plaintiff complained to medical staff again about the cough in 2014 and again was prescribed ineffective allergy medication. Plaintiff's cough consistently worsened. Beginning in March of 2015, he repeatedly sought treatment from medical personnel at KVSP. An April 2015 chest x-ray revealed no identifiable problems.

In 2016, Plaintiff's cough continued and he began to experience shortness of breath. Between January 19, 2016 and December of 2016, Plaintiff saw Defendant Manasrah on at least seven occasions complaining of a worsening cough and shortness of breath. On July 25, 2016, Defendant Manasrah ordered a chest x-ray, which revealed no abnormalities. Throughout this time, Defendant Manasrah doubted the authenticity of Plaintiff's symptoms, prescribed ineffective allergy medication and an asthma inhaler, even though Plaintiff did not have asthma.

On October 13, 2016, Plaintiff saw Defendants Palomino and Taylor about his continuing cough and breathing difficulties. Defendants referred Plaintiff to the "Doctor's Line" without a designation of "urgent." It took almost two weeks before he made it to the front of the line where he was seen by Defendant Manasrah who again doubted the authenticity of Plaintiff's symptoms and mocked him.

On November 15, 2016, Plaintiff filed a grievance with the prison. In response to the grievance, Plaintiff was seen by Defendant Ulit, a physician at KVSP, on December 16, 2016. Defendant Ulit listened to Plaintiff's complaints about coughing and shortness of breath, but did not take any action other than to encourage use of an inhaler, noting that Plaintiff probably had COPD because of years of smoking. Plaintiff had not smoked in 13 years and did not have asthma. Plaintiff continued thereafter to have difficulty breathing when lying down in the evenings. Plaintiff used the asthma inhaler during one of the nights of difficulty breathing but it was ineffective.

3

Plaintiff's grievance was denied on December 29, 2016. He was also denied the opportunity to see a specialist. After three consecutive nights of increasingly debilitating coughing and shortness of breath, Plaintiff submitted another medical complaint on January 2, 2017. Plaintiff was seen by Defendant Palomino on January 3, 2017.

Defendant Palomino concluded that Plaintiff did not have any health problem. Plaintiff insisted on being seen by a physician in CTC, another part of the prison. Defendant Palomino eventually allowed Plaintiff to be seen there, but required him to walk there, rather than be transported. Plaintiff struggled to walk the distance.

In CTC, Plaintiff was given a chest x-ray, which revealed fluid in his chest and a severely enlarged heart. He was immediately transported to a hospital to have the fluid drained. He was admitted to San Joaquin Community Hospital for two nights and was diagnosed with acute congestive heart failure, an enlarged, severely weak and dysfunctional heart, and an ejection fraction of less than 20%.

Plaintiff asserts claims of deliberate indifference to a serious medical need and state law negligence against all Defendants.

**IV.     Discussion**

    **A.     Deliberate Indifference to a Serious Medical Need**

        **1.     Legal Standard**

If Plaintiff wishes to pursue an Eighth Amendment claim arising out of medical care in prison, he "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to

4

medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations, punctuation and quotation marks omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting Estelle, 429 U.S. at 104). Serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; [and] the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60.

To prevail on a claim for deliberate indifference to serious medical needs, a prisoner must demonstrate that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.

2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

"The indifference to a prisoner's medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this claim. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." Lemire, 726 F.3d at 1081-82 (internal citations, punctuation and quotation marks omitted); accord, Cano v. Taylor, 739 F.3d 1214, 1217 (9th Cir. 2014). Moreover, "[a] difference of opinion between a physician and the prisoner -- or between medical professionals -- concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989)).

### 2. Defendant Manasrah

Plaintiff states a cognizable claim for deliberate indifference to a serious medical need against Defendant Manasrah. Plaintiff's congestive heart failure, severely enlarged heart, and episodes of extreme breathing difficulties satisfy the requirement that he allege a serious medical needs. For nearly a year, Plaintiff complained of worsening symptoms, including persistent cough and shortness of breath. While Defendant Manasrah ordered an x-ray and prescribed medication on earlier occasions (i.e. in July of 2016), during the visit on October 26, 2016, Plaintiff explained that his symptoms were worsening and that he had difficulty breathing while laying down. Defendant Manasrah did not physically examine Plaintiff during this visit and instead responded with purported mockery. After this visit, Plaintiff's symptoms persisted and worsened to the point that he consistently was unable to breathe while laying down. It was not until the intervention of the physician at CTC more than two months later that the seriousness of Plaintiff's condition was properly considered and treated. Defendant was aware of the severity of Plaintiff's symptoms but failed to respond to his medical needs with an examination, treatment, or further testing, resulting in a worsening of the underlying condition and two months of serious symptoms.

### 3. Defendant Ulit

Plaintiff does not state a cognizable claim for deliberate indifference to a serious medical need against Defendant Ulit. Plaintiff's congestive heart failure, severely enlarged heart, and episodes of extreme breathing difficulties satisfy the requirement of serious medical needs. However, Defendant Ulit listened to Plaintiff's complaints of breathing difficulty and worsening symptoms, conducted an examination, concluded that Plaintiff had COPD, and encouraged him to use an inhaler. While this diagnosis was incorrect and may have resulted from professional negligence, it does not rise to the level of deliberate indifference.

"The indifference to a prisoner's medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this claim. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." Lemire, 726 F.3d at 1081-82 (internal citations, punctuation and quotation marks omitted); accord, Cano v. Taylor, 739 F.3d 1214, 1217 (9th Cir. 2014). Moreover, "[a] difference of opinion between a physician and the prisoner -- or between medical professionals -- concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987. Defendant Ulit conducted an examination of Plaintiff, diagnosed him, and recommended a course of treatment. This is significantly different than the allegations asserted against Defendant Manasrah concerning the October 26, 2016 visit. While Defendant Ulit's missed diagnosis might represent negligence or medical malpractice, it does not arise to the level of deliberate indifference.

Accordingly, the Court finds no cognizable claim for deliberate indifference against Defendant Ulit. However, the Court will allow Plaintiff one opportunity to amend the complaint to cure the deficiencies if he wishes.

### 4. Defendants Palomino and Taylor

Plaintiff fails to state a cognizable claim for deliberate indifference to a serious medical need against Defendants Palomino and Taylor. Plaintiff's congestive heart

1 failure, severely enlarged heart, and episodes of extreme breathing difficulties satisfy the
2 requirement of serious medical needs. However, Defendants saw Plaintiff in October
3 concerning his worsening cough and shortness of breath, listened to Plaintiff explain his
4 symptoms, and recommended that he be seen by a physician concerning these issues.
5 While Defendants Palomino and Taylor may have negligently missed the urgency of
6 Plaintiff's condition, they still saw him, examined him, and recommended treatment by a
7 physician who could properly diagnose and assess his condition.

8 As with Defendant Ulit, Plaintiff's allegations may reflect negligent care, but they
9 do not rise to the level of deliberate indifference. See Lemire, 726 F.3d at 1081-82 ("Even
10 gross negligence is insufficient to establish deliberate indifference to serious medical
11 needs.")

12 Accordingly, the Court finds no cognizable claim for deliberate indifference against
13 Defendants Palomino and Taylor. However, the Court will provide Plaintiff with one
14 opportunity to amend the complaint to cure the deficiencies if he wishes.

### 5. Defendants Manasrah and Palomino

16 Plaintiff fails to states a second claim for deliberate indifference to a serious
17 medical need against Defendants Manasrah and Palomino for making him walk to CTC.

18 Plaintiff alleges that on January 3, 2017, Defendant Palomino approved Plaintiff's
19 request to be seen in CTC but required him to walk a "long distance" to CTC..
20 Defendants were aware that Plaintiff was complaining of "extreme difficulty breathing"
21 and had been complaining of shortness of breath for months. However, Plaintiff does not
22 describe the length of the walk or a basis for claiming that Defendants knew or should
23 have known it would exacerbate his symptoms to walk that far. Plaintiff apparently
24 completed the walk and does not allege that it caused his condition to worsen.
25 Accordingly, the Court finds that Plaintiff has not stated a cognizable claim for deliberate
26 indifference.

27 However, the Court will provide Plaintiff with one opportunity to amend the
28 complaint to cure the deficiencies if he wishes.

### B. State Law Claims

In addition to his claims for deliberate indifference, Plaintiff brings claims for state law medical malpractice/negligence against all Defendants for the same actions.

#### 1. Legal Standard

In pursuing a state law claim for medical malpractice in addition to an Eighth Amendment claim for deliberate indifference, Plaintiff "must allege in the complaint: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach-proximate or legal cause; and (4) damage to plaintiff." Rightley v. Alexander, No. C-94-20720 RMW, 1995 WL 437710, at *3 (N.D. Cal. July 13, 1995) (citing to Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (1978)); 6 B.E. Witkin, Summary of California Law, Torts § 732 (9th ed.1988). "[M]edical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances." Hutchinson v. United States, 838 F.2d 390, 392-93 (9th Cir.1988) (internal citations omitted).

Furthermore, to state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

#### 2. Analysis

The standard for state law negligence is lower than deliberate indifference, so, Plaintiff may have a cognizable claim against Defendant Manasrah if he has complied with the Tort Claims Act. He has not alleged such compliance and so his state law medical malpractice/negligence claim against Defendant Manasrah must be dismissed as non-cognizable.

While the Court did not find deliberate indifference claims against Defendants Ulit, Palomino and Taylor, those allegations are sufficient to support cognizable claims for

negligence or malpractice. However, again, Plaintiff has failed to alleged compliance with the Tort Claims Act. Thus, his claim against these Defendants must also be dismissed.

Concerning the claim against Defendants Manasrah and Palomino for making Plaintiff walk to CTC suffers from the same factual deficiencies that the Court found above in the deliberate indifference analysis and again fails to allege compliance with the Tort Claims Act. Accordingly, it too must be dismissed.

The Court will provide Plaintiff with one opportunity to amend the complaint to cure the deficiency if he wishes.

## V. Motion for Court Order

On November 15, 2017, Plaintiff filed a motion for court order (ECF No. 9) requesting that the United States Marshal serve the complaint on Defendants. However, the Court will defer service of the cognizable claim to give Plaintiff an opportunity to amend the non-cognizable claims.

## VI. Conclusion

The Court finds Plaintiff has stated a cognizable claim for deliberate indifference to a serious medical need against Defendant Manasrah. However, Plaintiff has failed to state cognizable claims for deliberate indifference against all other Defendants. Furthermore, Plaintiff fails to state claims for state law medical malpractice/negligence against all Defendants.

The Court will grant Plaintiff an opportunity to file an amended complaint to cure the noted defects. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, Plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the non-cognizable claims without leave to amend, Plaintiff will have an opportunity to object, and the matter will be decided by a District Judge. No further opportunity to amend will be given by the undersigned.

If Plaintiff chooses to amend, he must cure the noted deficiencies, as well as

allege that he complied with the California Tort Claims Act for the state law claims. Compliance with the Tort Claims Act requires that he exhaust the remedies available to him by filing a claim with the state pursuant to that Act within the required timeframe.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is **DISMISSED** with leave to amend;
3. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed September 28, 2017;
4. Within thirty (30) days from the date of service of this order, Plaintiff must file either a first amended complaint curing the deficiencies identified by the Court in this order or a notice of election to stand on the complaint;
5. If Plaintiff fails to comply with this Order, the Court will recommend the state law claims be dismissed, with prejudice, for failure to state a claim; and
6. Plaintiff's motion for court order (ECF No. 9) is **DENIED**.

IT IS SO ORDERED.

Dated: December 8, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE