UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON SAM HA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMEEN MANASRAH, et al.,<br><br>　　　　Defendants. | **Case No. 1:17-cv-01296-JLT (PC)**<br><br>**ORDER TO ASSIGN A DISTRICT JUDGE; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT LEAVE TO AMEND**<br><br>**(ECF No. 11)** |

Plaintiff proceeds pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff's January 8, 2018, first amended complaint is before the Court for screening. (ECF No. 12.) Because plaintiff fails to state a claim against any defendant, the undersigned will recommend that this action be dismissed without leave to amend.

**I.　Screening Requirement**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to

1

state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**III.   Plaintiff's Allegations**

Plaintiff is currently incarcerated at California State Prison, Lancaster, but his claims arose at Kern Valley State Prison ("KVSP") in Delano, California. He brings this action against Defendants Ameen Manasrah, a nurse practitioner at KVSP, and Wayne Ulit, a physician at KVSP. Plaintiff's allegations are summarized as follows:

Beginning in 2012 or 2013, while housed at California State Prison, Sacramento, plaintiff began to notice a persistent cough that over time began to worsen and produce phlegm. He was

told it was allergy-related and was prescribed allergy medications that proved ineffective. At some point in 2014, plaintiff was transferred to KVSP.

While at KVSP, plaintiff's coughs continued to worsen. He began to notice shortness of breath, so on March 18, 2015, he submitted a medical slip. Plaintiff was seen the next day, prescribed an ineffective allergy medication, and referred to the doctor's line.

On April 2, 2015, plaintiff was examined by Dr. Akanno, who "heard a little crackling sound." As a precaution, Dr. Akanno ordered a chest x-ray. On April 6, 2015, a chest x-ray showed "trace left lower lobe opacity." Reading the results, Dr. Akanno said, "that's really nothing, everything is normal."

For several months, plaintiff's coughing and breathing problems worsened. Between January and October 2016, plaintiff was seen by NP Manasrah and other nurses several times regarding these problems. During this period, NP Manasrah ordered a chest x-ray and blood tests, offered allergy medicine, and found plaintiff to have erythema (swelling in the lymph node) for which he was prescribed antibiotics and Ibuprofen.

On October 24, 2016, after multiple complaints about serious breathing difficulties at night, plaintiff was again seen by RN Manasrah. Plaintiff complained about his breathing problems, but RN Manasrah did not examine plaintiff. Instead, he just asked plaintiff if he knows how to use an asthma inhaler. He then mockingly said, "…there's nothing else I can do for you" and "maybe you should see a psychiatrist for a mental evaluation." This meeting ended contentiously. A couple of days later, plaintiff received an asthma inhaler.

On November 15, 2016, plaintiff submitted a grievance seeking a referral to a specialist to determine the cause of his breathing problems. In response, plaintiff was again seen by RN Manasrah. Plaintiff explained once again that his coughing is still bad, that he has difficulty breathing at night, and that he does not have asthma. RN Manasrah stated that the asthma inhaler could help with the coughs and noted that plaintiff would be seen by a doctor in a few days.

On December 16, 2016, Dr. Ulit examined plaintiff and suggested that the breathing problems could be COPD due to years of smoking, even though plaintiff claims he has not smoked in over a decade. After the examination, Dr. Ulit recommended that plaintiff continue with the

inhaler and then denied plaintiff's request in the grievance to see a specialist.

After several nights of increasingly difficult breathing, plaintiff was given another chest x-ray, which revealed fluid in his chest and a severely enlarged heart. He was eventually seen by another doctor who referred him to San Joaquin Community Hospital where plaintiff was diagnosed with Acute Congestive Heart Failure with an enlarged, weakened heart with an ejection fraction (strength of heart) of less than 20%.

**IV. Discussion**

    **A. Deliberate Indifference to a Serious Medical Need**

        **1. Legal Standard**

If plaintiff wishes to pursue an Eighth Amendment claim arising out of medical care in prison, he "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations, punctuation and quotation marks omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting Estelle, 429 U.S. at 104). Serious medical needs

include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; [and] the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60.

To prevail on a claim for deliberate indifference to serious medical needs, a prisoner must demonstrate that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

"The indifference to a prisoner's medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this claim. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." Lemire, 726 F.3d at 1081-82 (internal citations, punctuation and quotation marks omitted); accord, Cano v. Taylor, 739 F.3d 1214, 1217 (9th Cir. 2014). Moreover, "[a] difference of opinion between a physician and the prisoner -- or between medical professionals -- concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989)).

**2.    Defendant RN Manasrah**

Plaintiff's congestive heart failure, severely enlarged heart, and episodes of extreme

breathing difficulties satisfy the requirement that he allege a serious medical need. However, the allegations demonstrate that, in response to plaintiff's complaints, RN Manasrah examined him repeatedly, ordered an x-ray, ordered blood work, and prescribed various medications. The Court is sympathetic to plaintiff's frustration with RN Manasrah's conduct during the October 26, 2016, visit when this defendant allegedly failed to examine plaintiff and then mocked him and his complaints. Nonetheless, plaintiff received an inhaler after this visit, suggesting that RN Manasrah did not ignore plaintiff's complaints.

While plaintiff may have wanted more or different treatment, the allegations establish only a difference of opinion as to the proper course of treatment between a prisoner and a medical provider, which is not cognizable. Snow, 681 F.3d at 987. At worst, they establish negligence or medical malpractice, which is also not cognizable. Id. What the allegations do not establish is deliberate indifference. Accordingly, plaintiff's claim against RN Manasrah must be dismissed.

### 3. **Defendant Dr. Ulit**

Dr. Ulit listened to plaintiff's complaints of breathing difficulty and worsening symptoms, conducted an examination, concluded that plaintiff had COPD, and encouraged him to use an inhaler. While this diagnosis was incorrect and may have resulted from professional negligence, it does not rise to the level of deliberate indifference. Accordingly, the Court finds no cognizable claim for deliberate indifference against Defendant Ulit. Since this is plaintiff's second unsuccessful attempt to state a claim against this defendant, the claim must be dismissed without leave to amend.

### B. **State Law Claims**

In addition to his claims for deliberate indifference, plaintiff brings claims for state law medical malpractice/negligence against the defendants for the same actions.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."

United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, plaintiff fails to state a claim for relief on his federal claims for violations of 42 U.S.C. § 1983. As plaintiff has failed to state any cognizable federal claims in this action, the Court should decline to exercise supplemental jurisdiction over plaintiff's state law causes of action. See 28 U.S.C. § 1367(c)(3).

**V.      Conclusion**

The Court finds that plaintiff has failed to state a claim against any of the defendants. Accordingly, the Court **ORDERS** that a district judge be assigned to this case; and

The Court **RECOMMENDS** that this action be dismissed without leave to amend for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 28, 2018**                             /s/ Jennifer L. Thurston
                                                                            UNITED STATES MAGISTRATE JUDGE